J. R. Swan, J.
1. The general law relating to weights and *607 measures (Swan’s Rev. Stat. 1021), requires the state sealer to furnish the town sealer of each incorporated town and city with •copies of the original state standard of weights and measures, and with spch devices as the proper authorities of such town or city may direct. The statute further requires town sealers to compare the copies in their possession With those in the office of the county .sealer, once in three years, and authorizes town sealers to mark and seal weights and measures, and fixes their fees for so doing.
We are of the opinion that this general law authorizes the proper authorities of incorporated cities and towns to appoint town sealers or inspectors of weig'hts and measures. As incident and necessary to such appointment, and to carry out the manifest objcot of the law in authorizing the creation of such municipal officer, the town •council may prescribe his duties, under the general authority given by the charter. 82 L. L. 247, sec. 6.
The general law relating to weights and measures does not forbid the use of such as are not sealed.' The city council, however, have •deemed it necessary for the safety of trade, and to prevent impositions, that all weights and measures used in the city should be compared with the state standard, and be marked and sealed by the town sealer. Such an ordinance is, though of little or no importance in a small town, manifestly proper to protect a large mass of dealers in such a city, who are necessarily ignorant of the character of each other. A long-continued course of fraudulent practices of this kind may be pursued in a populous city, without being exposed by the transient *and other persons who are cheated. We [607 are of the opinion that the ordinance comes within the scope and object of city legislation, as given by section 8 of the charter (32 L. L. 247, 248), and is not in conflict with any general law.
2. It is said that the mayor must commit a person upon whom a fine is imposed, to the jail of the county, and can not issue a fieri facias. An ordinance, passed March 22,1843, authorizes the mayor to enforce the payment of a fine by commitment. The charter of the city (32 L. L. 245, see. 4) also authorizes him to award all such process and issue all such writs for the violation of ordinances, etc., as may be necessary to enforce the due administration of right and justice throughout the city, and for the lawful exercise of his jurisdiction, agreeably to the usages and principles of law. Under the ordinance of March 22, 1843, and these provisions of the charter, *608 the mayor may pursue the rigorous remedy of commitment for the collection of a fine, or issue the ordinary process indicated by the charter.
The judgment of the district court is affirmed.
Bartley, O. J., and Brinkerhoee, Bowen, and Scott, JJ., concurred.